UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DUAYNE BOWLING,                                    Case No. 1:12-cv-183
          Petitioner,

                                                   Spiegel, J.
     vs                                            Litkovitz, M.J.

WARDEN, LONDON                      **ORDER**
CORRECTIONAL INSTITUTION,
          Respondent.


     Petitioner, an inmate in state custody at the London Correctional Institution in London,

Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc.

1). This matter is before the Court on petitioner's motion filed November 8, 2012 to hold the case

in abeyance, as well as petitioner's motion filed on December 7, 2012 to amend the petition to

add a new ground for relief. (Docs. 11, 15). Respondent opposes both motions. (Docs. 12, 16).

## I. BACKGROUND

     In April 2010, petitioner was convicted after a jury trial in the Hamilton County, Ohio,

Court of Common Pleas on charges of illegal assembly or possession of chemicals for the

manufacture of drugs in violation of Ohio Rev. Code § 2925.041; aggravated possession of drugs

in violation of Ohio Rev. Code § 2925.11(A), with firearm specification; and having weapons

while under disability in violation of Ohio Rev. Code § 2923.13(A)(3). (*See* Doc. 7, Exs. 1, 7).

On April 23, 2010, the trial court issued a final judgment entry sentencing petitioner to

consecutive terms of imprisonment amounting to twelve (12) years in prison. (*Id.*, Ex. 8).

     With the assistance of counsel, petitioner pursued a timely appeal to the Ohio Court of

Appeals, First Appellate District, raising six assignments of error, including two claims

challenging the imposition of consecutive sentences. (*See id.*, Exs. 9-10). On December 22, 2010, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*See id.*, Ex. 12). Proceeding *pro se*, petitioner appealed further to the Ohio Supreme Court, which declined jurisdiction and summarily dismissed the appeal on April 6, 2011. (*See id.*, Exs. 13-16).

Petitioner next commenced the instant habeas corpus action on March 2, 2012. In his petition, which petitioner claims was placed in the prison mailing system on February 21, 2012 for delivery to the Court,[1] petitioner asserts six grounds for relief. (*See* Doc. 1). Petitioner has indicated in the petition that he presented the six grounds for relief in the state appeal proceedings and, therefore, has exhausted those claims in the state courts. (*See id.*).

However, on November 8, 2012, over eight months after the instant action commenced, petitioner filed a motion to stay this case and hold his habeas petition in abeyance while he "seek[s] reconsideration before the Ohio Court of Appeals" and "introduce[s] colorable claims, which have not been exhausted for submission to this Court." (Doc. 11). Upon review of the Hamilton County Clerk of Courts' on-line docket records,[2] it appears that a few days later, on November 13, 2012, petitioner filed a *pro se* motion to reopen his appeal with the Ohio Court of

---

[1] The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). Therefore, it is presumed that the petition was filed for statute of limitations purposes on February 21, 2012.

[2] It is noted that this Court may take judicial notice of court records that are available on-line to members of the public. *See Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)). The on-line docket records maintained by the Hamilton County Clerk of Courts, which pertain to petitioner's state appeal (Case No. C 1000295), can be found at the following link: http://www.courtclerk.org/case_summary.asp?sec=history&casenumber=C1000295.

Appeals, First Appellate District. In the motion, petitioner claimed that his appellate counsel was ineffective for not asserting as an additional assignment of error that the trial court erred in failing to merge for sentencing purposes petitioner's convictions and sentences for the two drug offenses, as well as his convictions and sentences for the firearm specification and having weapons while under disability, as allied offenses of similar import under Ohio law. (See also Doc. 13). On December 11, 2012, the Ohio Court of Appeals overruled the reopening application on the ground that "[t]he appellant failed to provide sufficient reasons for failure to timely file his reopening application" in accordance with Ohio R. App. P. 26(B)(1), which provides in relevant part that "[a]n application shall be filed . . . within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Petitioner appealed to the Ohio Supreme Court, which issued an entry on March 13, 2013 "declin[ing] to accept jurisdiction of the appeal."[3]

Respondent has filed briefs opposing petitioner's motion to hold the instant action in abeyance. (Docs. 12, 14). In the most recent brief filed on November 26, 2012 in response to petitioner's pleading in reply to respondent's initial opposition memorandum (see Doc. 13), respondent argued in part that the motion for stay should be denied because "the claim [petitioner] says he is now presenting to the state court is not contained in his federal habeas petition." (Doc. 14, p. 2).

---

[3] The on-line docket records maintained by the Ohio Supreme Court's Clerk of Court, which pertain to petitioner's appeal from the denial of his reopening application (Case No. 2013-0083), can be found at the following link:
http://www.supremecourt.ohio.gov/Clerk/ecms/resultsbycasenumber.asp?type=3&year=2013&number=83&myPage=searchbycasenumber%2Easp.

3

Apparently in response to respondent's opposition memorandum, petitioner next filed a motion to amend his petition to add as a seventh ground for relief a new claim challenging the imposition of consecutive sentences based on the non-merger of his convictions and sentences for allied offenses of similar import. (Doc. 15). Respondent opposes the proposed amendment to the petition. (Doc. 16, p. 2).

## II. OPINION

### A. Petitioner's Motion To Hold The Instant Action In Abeyance (Doc. 11) Is Denied As Moot

Petitioner filed the pending motion to stay and hold the instant action in abeyance prior to filing his application for reopening of his appeal with the Ohio Court of Appeals in November 2012. At this juncture, however, it appears that petitioner has exhausted the reopening remedy provided under Ohio R. App. P. 26(B) for ineffective assistance of appellate counsel claims. Because it appears that the state reopening proceedings have concluded upon the Ohio Supreme Court's entry of a final order on March 13, 2013 declining jurisdiction to hear petitioner's appeal in the matter, petitioner's motion for a stay of this action (Doc. 11) is **DENIED** as moot.

### B. Petitioner's Motion To Amend The Petition To Add A New Ground For Relief Challenging His Sentence (Doc. 15) Is Granted

Fed. R. Civ. P. 15, which is applicable to this habeas proceeding brought pursuant to 28 U.S.C. § 2254, "allows pleading amendments with 'leave of court' at any time during a proceeding." *See Mayle v. Felix*, 545 U.S. 644, 654-55 (2005). The factors that a court should consider in determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe*

4

*v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir.

1994)); *see also Oleson v. United States,* 27 F. App'x 566, 569 (6th Cir. 2001). Courts have

interpreted Rule 15(a) "as setting forth a liberal policy of permitting amendments to ensure the

determination of claims on their merits." *Oleson,* 27 F. App'x at 569 (internal citations and

quotation marks omitted). Under this liberal standard, a party's delay in seeking amendment is

not a sufficient reason standing alone to deny a motion to amend. *Coe,* 161 F.3d at 341-42; *see*

*also Oleson,* 27 F. App'x at 569.

      In this case, petitioner seeks to amend the petition to add a new claim challenging the

consecutive sentences that were imposed on the ground that both the two drug offenses and the

firearm specification and weapons offense should have been merged for sentencing purposes as

allied offenses of similar import under Ohio Rev. Code § 2941.25. *(See* Doc. 15). In addition to

citing petitioner's "undue delay" in bringing the new claim, respondent essentially relies on the

"futility of amendment" factor in opposing petitioner's motion. Specifically, respondent

contends that (1) the new claim raises only a state-law issue, which is not cognizable in this

federal habeas proceeding; and (2) the new claim "may not relate back to the present federal

habeas corpus petition and is beyond the [one-year] statute of limitations" governing the petition,

which is set forth in 28 U.S.C. § 2244(d). *(See* Doc. 16).

      The undersigned is not persuaded by respondent's first argument in opposition to the

proposed amendment to the petition. Although the Sixth Circuit has not issued a definitive ruling

on the issue, district courts in Ohio have held that the state statutory provision pertaining to

"allied offenses of similar import" is grounded in double-jeopardy concerns, and therefore, a

claim that multiple sentences were imposed in violation of Ohio Rev. Code § 2941.25 places the

state courts on notice that there is a federal constitutional dimension to the claim. *See, e.g.,* *Palmer v. Haviland,* No. C-1-04-28, 2006 WL 1308219, at *4-5 (S.D. Ohio May 11, 2006) (Weber, J.), *aff'd,* 273 F. App'x 480 (6th Cir. 2008); *see also Render v. Warden, Southern Ohio Corr. Facility,* 889 F. Supp.2d 1014, 1023-24, 1044-48 (S.D. Ohio 2012) (Spiegel, J.; Bowman, M.J.) (and numerous district court decisions cited therein). *But cf. Smith v. Warden, Southern Ohio Corr. Facility,* No. 3:13cv65, 2013 WL 1165149, at *8 (S.D. Ohio Mar. 20, 2013) (Merz, M.J.) (Report & Recommendation), *adopted,* 2013 WL 2147972 (S.D. Ohio May 16, 2013) (Rose, J.). Therefore, contrary to respondent's contention, the new claim may be subject to review on the merits to the extent that it triggers concerns under the Fifth Amendment's Double Jeopardy Clause.

With respect to respondent's second argument, the instant case poses a close question as to whether or not the new claim relates back to the original petition for statute of limitations purposes. Under Fed. R. Civ. P. 15(c)(1)(B), an amendment made after the statute of limitations has expired is permissible as long as the amendment relates back to the original pleading by asserting claims "that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

In *Mayle v. Felix,* 545 U.S. 644, 650 (2005), the Supreme Court held that an amended habeas petition filed after the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d) has expired, "does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." The Court explained that "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claim." *Id.* at 659

6

(internal citation and quotation marks omitted). Therefore, the Court rejected the petitioner's argument that "relation back" applies in the habeas context for any new claim that stems from the trial, conviction and sentence being attacked in the original petition. *See id.* at 644. Rather, "relation back" under Rule 15(c) occurs when the new claim and claims raised in the original petition "are tied to a common core of operative facts." *Id.* In so ruling, the Court noted that "relation back [is] ordinarily allowed when the new claim is based on the same facts as the original pleading and only changes the legal theory." *Id.* at n.7 (internal citation and quotation marks omitted).

In the original petition filed in this case, petitioner alleges as the fifth ground for relief a claim challenging the trial court's imposition of maximum, consecutive sentences in the absence of specific findings. (Doc. 1, pp. 24-25). An argument can be made that petitioner's new claim challenging his sentences under Ohio Rev. Code § 2941.25 is tied to the same "core of operative facts" as the claim alleged in Ground Five and only changes the legal theory. In the absence of any showing of "bad faith" by petitioner in belatedly bringing the new claim or any "undue prejudice" to respondent, the undersigned finds that, given the closeness of the question, it would be more expedient and a better use of judicial resources to allow petitioner to bring the new claim rather than decide the issue and risk reversal on appeal by the Sixth Circuit. In so finding, the undersigned recognizes that petitioner still faces a significant procedural hurdle to review of his new claim on the merits, because it appears that the Ohio courts denied petitioner's reopening application on procedural timeliness grounds. However, rather than hold that amendment would be futile at this juncture, the undersigned would prefer to address the procedural default issue based on a fully developed record that has been supplemented by respondent with pleadings and

7

rulings filed in the state reopening proceedings.

Accordingly, in sum, the undersigned concludes, out of an abundance of caution, that the amendment to the petition should be permitted in light of the particular circumstances posed in this case. Therefore, petitioner's motion to amend the petition to add a seventh ground for relief (Doc. 15) is **GRANTED.**

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion to hold the instant action in abeyance (Doc. 11) is **DENIED** as moot.

2. Petitioner's motion to amend the petition (Doc. 15) is **GRANTED** to the extent that a seventh ground for relief is added to the petition, in which petitioner challenges the trial court's failure to merge his convictions and sentences for the two drug offenses, as well as his convictions and sentences for the firearm specification and having weapons while under disability, as allied offenses of similar import under Ohio law.

It is **FURTHER ORDERED** that, within forty (40) days from the date of filing of this Order, respondent shall file a supplemental return of writ responding to the new ground for relief. The supplemental return of writ shall include, as exhibits, the record of the pleadings filed and rulings made in the proceedings that were held before the Ohio Court of Appeals and Ohio Supreme Court on petitioner's application for reopening of his appeal.

Date: _6/27/13_

Karen L. Litkovitz
United States Magistrate Judge

8