```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | |
|---|---|
| DUAYNE BOWLING, | : |
| | : NO. 1:12-CV-00183 |
| Petitioner, | : |
| | : |
| v. | : **OPINION AND ORDER** |
| | : |
| WARDEN, LONDON CORRECTIONAL | : |
| INSTITUTION, | : |
| | : |
| Respondent. | : |
| | : |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 22), and Petitioner's Objections (doc. 27). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**I. Background**

After a routine traffic stop in October 2009, police found Petitioner in possession of white sludge and powder residue, items used in the production of methamphetamine, and a shotgun (doc. 22). A grand jury thereafter indicted Petitioner with one count of illegal assembly or possession of chemicals for the manufacture of drugs, one count of aggravated possession of drugs with a firearm specification and one count of having weapons under disability (Id.). A jury trial was delayed after Petitioner's counsel requested an independent expert on the manufacture of methamphetamine, and later yet again after counsel requested that

a new attorney be appointed to represent Petitioner (Id.). The Court appointed a new attorney, who filed motions requesting an independent drug analysis, an independent expert on the manufacture of methamphetamine, and a continuance of the trial date (Id.). The Court denied all three motions and the matter went to trial. The jury found Petitioner guilty on all counts and the court sentenced Petitioner to an aggregate prison term of twelve years: five years for the illegal assembly offense, one year for the aggravated drug possession offense, one year on the firearm specification, and five years for the weapons offense (Id.).

With new counsel, Petitioner appealed to the Ohio Court of Appeals, raising six assignments of error, claiming the trial court erred to his prejudice:

1. by denying his motion for an independent laboratory analysis;
2. by denying his motion for appointment of an independent expert on methamphetamine manufacture;
3. by entering a judgment of conviction for having a weapon under disability where the jury's verdict was unsupported by sufficient evidence;
4. by entering a judgment of conviction for a gun specification where the jury's verdict was unsupported by sufficient evidence;
5. by sentencing him to maximum, consecutive sentences; and,
6. by imposing consecutive sentences without making findings required by Ohio Rev. Code 2929.14(E)(4) (Id.).

The Ohio Court of Appeals rejected Petitioner's assignments of error and affirmed the trial court judgment (Id.). Petitioner then brought a pro se appeal to the Ohio Supreme Court, which denied him leave to appeal, and dismissed the appeal "as not involving any substantial constitutional question" (Id.).

Petitioner filed an application to reopen the direct appeal but missed the 90-day deadline by nearly two years (Id.). The Ohio Court of Appeals overruled Petitioner's application finding Petitioner "failed to provide sufficient reasons for failure to timely file his application" (Id.). The Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal (Id.).

Petitioner filed the instant petition for habeas corpus in February 2012, within a year of direct appeal proceedings concluded and over eight months before Petitioner filed his delayed re-opening application (Id.). Petitioner originally brought six grounds of relief, but later was granted leave to add a seventh ground (Id.). He contends his right to a fair trial and due process were violated when:

Ground One: the trial court denied his request to appoint and fund an independent laboratory analysis;

Ground Two: the trial court refused to appoint an expert witness;

Ground Three: the trial court entered a judgment for having a weapon under disability where the verdict was not supported by sufficient evidence;

3

Ground Four: the trial court entered a judgment for a gun specification where the verdict was not supported by sufficient evidence;

Ground Five: the trial court sentenced him to maximum, consecutive sentences, without making specific findings to justify imposition of consecutive sentences;

He also contends:

Ground Six: Petitioner's lawyers at every stage were ineffective; and,

Ground Seven: the imposition of consecutive sentences is a violation of double jeopardy (docs. 1, 15).

Respondent has filed a return of writ (docs. 7, 18), contending Petitioner has procedurally defaulted and waived his claims in Grounds One, Two, Six, and Seven. Respondent contends grounds Three and Four alleging insufficiency of the evidence with regards to the shotgun fail under the double deference standard of review (doc. 7). Respondent further claims the state law claim raised in Ground Five is not cognizable in a federal habeas proceeding, and that in any event, Petitioner procedurally defaulted and waived such claim (Id.).

The Magistrate Judge has issued her Report and Recommendation that Petitioner's Petition be denied (doc. 22). Petitioner has filed his Objections (doc. 27), such that this matter is ripe for the Court's review.

**II. The Magistrate Judge's Report and Recommendation (doc. 22) and Petitioner's Objections (doc. 27).**

The Magistrate Judge rejected each of the grounds brought by Petitioner, which the Court will consider alongside Petitioner's Objections, as follows:

**Grounds One and Two**

As for Grounds One and Two challenging the denial of his motions for an independent expert and drug analysis, the Magistrate Judge found merit in Respondent's argument that Petitioner procedurally defaulted such claims (doc. 22). Petitioner had filed such motions on the day of his trial, out of compliance with Ohio R. Crim. P. 12(D) (Id.). Even after his new trial was set, he did not renew such motions until four days before the trial was to begin, therefore the state appeals court found the motions untimely (Id.). The Magistrate Judge found such conclusion to constitute a state-law ground independent of the merits of the federal claim and an adequate basis for the state court's decision (Id. citing Harris v. Reed, 489 U.S. 255, 260-62 (1989)).

Petitioner responds that his case has "Strickland v. Washington. . .written all over it," in that his two lawyers were allegedly ineffective in failing to file the evidentiary motions in a timely manner (doc. 27). He further contends the Magistrate Judge erred in presuming the Ohio Supreme Court's dismissal of the appeal "as not involving any substantial constitutional question" meant it relied on the same procedural ground (Id.).

5

Having reviewed Petitioner's claim <u>de novo</u> the Court finds his first two grounds for relief lacking in merit. Federal Courts presume a later unexplained order by a higher state court does not silently disregard the procedural default where the last state court to issue a reasoned decision on the claim explicitly relies on a procedural bar. <u>Taqwiim v. Johnson</u>, No. 99-3425, 2000 U.S. App. LEXIS 22254 *8-9(6th Cir. August 22, 2000); <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-04 (1991). Here the Magistrate Judge did not err in finding that the state courts relied on an independent state procedural ground in denying Petitioner an expert and drug analysis. Moreover, even if Petitioner can show his lawyers' performance fell below a standard of objective unreasonableness, he has not demonstrated a probability that with testing and expert testimony the outcome of his case would have been different. The trial court stated there was a lack of showing that Petitioner could not adequately deal with issues he raised through cross-examination of the government witness. Moreover it found that Petitioner simply failed to make a particularized showing that an expert and independent drug analysis would aid in his defense and the denial of such would result in an unfair trial. Under these circumstances, the Court finds no basis for Petitioner's claims in Grounds One and Two.

**<u>Grounds Three and Four</u>**

In his next two Grounds Petitioner challenges the

sufficiency of the evidence related to his weapons charges. The Magistrate Judge noted the federal habeas court must defer not only to the trier of fact's findings as required by Jackson v. Virginia, 443 U.S. 307, 319 (1979), but also must defer to the state appellate court's sufficiency determination as long as it is not unreasonable (doc. 22). Applying such standard here, the Magistrate Judge found the Ohio Court of Appeals' sufficiency determinations are neither contrary to nor an unreasonable application of Jackson (Id.). Testimony of the arresting officers showed the gun was in plain view in Petitioner's car, and that it was rendered operable in a matter of seconds (Id.). The Court rejects Petitioner's argument that the evidence against him was insufficient to establish his constructive possession of an operable firearm (Id.).

**Ground Five**

The Magistrate Judge found Petitioner's Fifth Ground barred from review for having failed to present such claim of sentencing error to the Ohio Supreme Court (doc. 22, citing Gross v. Warden, Lebanon Corr. Inst., 426 F.App'x 349, 355 (6th Cir. 2011)). However, even had such claim been presented as required, the Magistrate Judge noted the underlying claim is one involving state law and is not cognizable in habeas corpus (Id.). Moreover, the Magistrate Judge found no basis for Petitioner's claims that he was punished with the maximum sentence for having went to trial

7

instead of accepting plea bargains (Id.). The Magistrate Judge reviewed the record and found Petitioner had a substantial prior record justifying his sentence, which further was not so substantial as to constitute cruel and unusual punishment (Id.). Petitioner contends in his objection that he presented "all of his issues" to the state's highest court and that the trial court abused its discretion to punish him for exercising his right to a trial (doc. 27).

The Court does not find Petitioner's objection well-taken. Petitioner did not fairly present such claim to the state's highest court, nor is there any evidence that the sentences, which were within the applicable sentencing ranges, were objectively unreasonable. The Court does not find the trial court abused its discretion or punished Petitioner unfairly for exercising his right to a jury trial.

**Ground Six**

In Ground Six Petitioner claims his trial attorneys were ineffective for failing to timely file pretrial motions for drug analysis and for an expert, for failing to request an expert as to the firearm's operability, for failing to request the suppression of certain evidence, and for failing to call Christina Polley as a witness that the property in the car belonged to her (doc. 22). He further claims his appellate counsel was ineffective for failing to raise such challenges on appeal (Id.). The Magistrate Judge noted

8

Petitioner conceded in his reply to the return of writ that he had procedurally defaulted the claims with regard to the effectiveness of his trial attorneys (Id.). As for Petitioner's claim with regard to appellate counsel, the Magistrate Judge found Petitioner has not demonstrated he is entitled to relief based on such claim (Id.). The Magistrate Judge found no evidence that an independent drug expert, independent drug analysis, or independent expert testimony as to the operability of the firearm would have affected the outcome of the trial or would have helped him to prevail on appeal (Id.). Finally, the Magistrate Judge found it unlikely Petitioner would have prevailed on appeal on any claim that his trial counsel was ineffective for calling Christina Polley as a defense witness (Id.). The Magistrate Judge noted that Petitioner was the sole occupant of the car when it was stopped, such that he had constructive possession of all of the contents (Id.).

**Ground Seven**

As for Petitioner's Ground Seven, that he was punished multiple times for the same offense in violation of the Constitution's Double Jeopardy clause due to his consecutive terms of imprisonment, the Magistrate Judge found such ground waived (doc. 22). Petitioner procedurally defaulted such claim when he failed to present it to the state courts for consideration, and the Magistrate Judge found he has not made a showing of cause and prejudice or that a fundamental miscarriage of justice will occur

9

if it is not considered now (Id.).

Petitioner claims in his Objection that he has done everything in his power to raise his claim, so as to demonstrate cause for his default and actual prejudice, or demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice (Id.). Petitioner makes the conclusory assertion that the failure to consider his double jeopardy claim will result in a fundamental miscarriage of justice, and that he did not procedurally default such claim (Id.).

Petitioner is simply wrong. The Court agrees with the Magistrate Judge that his double jeopardy claim is procedurally defaulted for failure to raise such claim in state direct appeal proceedings. He further has not established cause or a showing of a fundamental miscarriage of justice so as to merit consideration of such claim.

## III. Conclusion

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-reasoned, and correct.

Proper notice was provided to the Petitioner under Title 28 U.S.C. § 636(b)(1)(C), including the notice that he would waive further appeal if he failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Court hereby ADOPTS the Magistrate Judge's report in all respects (doc. 22), AFFIRMS the Magistrate Judge's recommended decision (Id.), and DENIES WITH PREJUDICE Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docs. 1, 15).

Further, this Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order adopting the Magistrate Judge's Report and Recommendation would not be taken in "good faith" and DENIES Petitioner leave to proceed on appeal in forma pauperis. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

Finally, the Court FINDS that a certificate of appealability should not issue with respect to the claims alleged in the Petition, as amended, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims. In addition, a certificate of appealability should not issue with respect to the claims alleged in the Petition, which have been reviewed on the merits, in the absence of a substantial showing that Petitioner has stated a "viable claim for the denial of a constitutional right" or that the issues presented are

"adequate to deserve encouragement to proceed further." <u>Slack</u>, 529 U.S. 474 (<u>citing</u> <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 &n.4)(1983)).

 SO ORDERED.


Dated: June 4, 2014    <u>s/S. Arthur Spiegel   </u>
             S. Arthur Spiegel
             United States Senior District Judge